UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |  | |
|---|---|---|---|
| THE CENTRAL TRUST BANK, *as successor in interest to* CENTRAL BANK OF ST. LOUIS,  Plaintiff,  vs.  EDWARDSVILLE HEALTH, PROPERTIES LLC, *et al.*,  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | | Case No. 4:24-cv-00522-MTS |

## **MEMORANDUM AND ORDER**

On review of this case, the Court finds that the Complaint does not establish the Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Multiple Defendants here are limited liability companies. In seeking to establish their citizenship, Plaintiff correctly focuses on the citizenship of these Defendants' members. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *see also Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023). But Plaintiff did not identify, or even quantify, Defendants' members. Rather, Plaintiff simply makes the conclusory statement that the members "are citizens of the State of Illinois." *See* Doc. [1] ¶¶ 5–8. That does not suffice. *See Villareal v. B&C Contracting Specialist Inc.*, 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of

citizenship, a complaint must include *factual allegations* of each party's state of citizenship[.]" (emphasis added)); *cf. Stalley v. Cath. Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (noting that, in reviewing a motion to dismiss for lack of jurisdiction based on a deficiency in the pleadings, a court accepts as true "all factual allegations" but gives "no effect to conclusory allegations of law" to determine whether the pleader has established the court's subject matter jurisdiction).

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, this Court must "presume[] that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Here, the Court can "be assured of its own jurisdiction" only if Plaintiff "identif[ies] each of the individual members of the defendant LLC[s] and specifically plead[s] the state of their citizenship." *See James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023); *accord Scottsdale Ins. Co. v. Consumer L. Prot., LLC*, 1:23-cv-00101-MTS, 2023 WL 5672175, at *1 (E.D. Mo. Sept. 1, 2023) (finding allegation that LLC's unidentified members were "citizens of Missouri" and "not citizens of Ohio or Arizona" did not suffice where plaintiff failed to identify the members of the LLC). If Plaintiff can establish this Court's subject matter jurisdiction, it must file an amended complaint to address the jurisdictional defects the Court has identified herein. *See* 28 U.S.C. § 1653. Failure to do so will result in the dismissal of this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Tuesday, May 28, 2024**, Plaintiff must file an amended complaint that establishes this Court's subject matter jurisdiction. Failure to do so will result in dismissal of this action without prejudice.

Dated this 13th day of May 2024.

　　　　　　　　　　　　　　　　　／s／ Matthew T. Schelp
　　　　　　　　　　　　　　　　MATTHEW T. SCHELP
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE